**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

GARY FEDOROFF, individually and on behalf of all others similarly situated,

Plaintiff,

v.

ROCKET MORTGAGE, LLC, *a Michigan limited liability company*,

Defendant.

Case No. 4:26-cv-11997-FKB-APP

Hon. F. Kay Behm
Hon. Anthony P. Patti

***ORAL ARGUMENT REQUESTED***

______________________________________________/

**ROCKET MORTGAGE, LLC'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(1) AND 12(b)(6)**

Pursuant to Local Rule 7.1(a), Rocket Mortgage's undersigned counsel certifies that counsel personally spoke to opposing counsel, explaining the nature of the relief to be sought by way of this Motion and seeking concurrence in the relief; opposing counsel expressly denied concurrence.

Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), Rocket Mortgage, LLC (Rocket Mortgage) hereby moves to dismiss Plaintiff Gary Fedoroff's (Plaintiff) Complaint (ECF 1). Plaintiff brings this putative class action against Rocket Mortgage arising from his alleged completion of a mortgage refinancing application in November 2025. Plaintiff's Complaint asserts eight

causes of action—violations of the Electronic Communications Privacy Act (ECPA), the California Invasion of Privacy Act (CIPA), the California Comprehensive Computer Data Access and Fraud Act (CDAFA), California's Unfair Competition Law (UCL), the California Constitution, and common law claims for negligence, intrusion upon seclusion, and breach of confidence—arising from his submission of a refinancing application on Rocket Mortgage's website in November 2025. The Complaint should be dismissed because Plaintiff lacks Article III standing and otherwise fails to state a claim upon which relief can be granted. The grounds for this Motion are set forth in the accompanying Memorandum of Law.

Dated: August 28, 2026

Respectfully submitted,

*/s/ W. Kyle Tayman*

W. Kyle Tayman
KTayman@goodwinlaw.com
**GOODWIN PROCTER LLP**
1900 N Street, NW
Washington, DC 20036
Tel.: +1 202 346 4000
Fax: +1 202 346 4444

Rebecca L. Tarneja
RTarneja@goodwinlaw.com
**GOODWIN PROCTER LLP**
601 South Figueroa Street, Suite 4100
Los Angeles, CA 90017
Tel.: +1 213 426 2500
Fax: +1 213 623 1673

Jeffrey M. Thomson (P72202)
JThomson@morganrothlaw.com
**MORGANROTH & MORGANROTH PLLC**
344 North Old Woodward Avenue, Suite 200
Birmingham, MI 48009
Tel.: +1 248 864 4000
Fax: +1 248 864 4001

*Counsel for Defendant Rocket Mortgage, LLC*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

GARY FEDOROFF, individually and on behalf of all others similarly situated,

Plaintiff,

v.

ROCKET MORTGAGE, LLC, *a Michigan limited liability company*,

Defendant.

Case No. 4:26-cv-11997-FKB-APP

Hon. F. Kay Behm
Hon. Anthony P. Patti

***ORAL ARGUMENT REQUESTED***

______________________________________________/

**MEMORANDUM OF LAW IN SUPPORT OF ROCKET MORTGAGE, LLC'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

# TABLE OF CONTENTS


INTRODUCTION ........................................................................................ 1

FACTUAL BACKGROUND ........................................................................... 3

A. Plaintiff Alleges Website Use, But Not a Disclosure of Sensitive Data. ..... 3

B. Plaintiff Agreed to Rocket Mortgage's Privacy Policy and Terms, Which Disclose the Alleged Data Practices. ........................................................ 4

LEGAL STANDARD ................................................................................... 5

ARGUMENT ............................................................................................. 6

I. The Complaint Should Be Dismissed for Lack of Article III Injury. ............... 6

II. The Complaint Should Be Dismissed Under Rule 12(b)(6). ......................... 11

A. Plaintiff's Consent to the Challenged Practices Bars All of His Claims. .. 11

B. Plaintiff's ECPA Claim Fails (Count I). .................................................. 13

C. Plaintiff's California Claims Fail (Counts II–V). ...................................... 15

1. The Choice-of-Law Provision Bars All California Claims. ................... 15

2. Plaintiff's CIPA Claim Fails (Count II). ................................................ 15

3. Plaintiff's CDAFA Claim Fails (Count III). ........................................... 17

4. Plaintiff's UCL Claim Fails (Count IV). ............................................... 19

5. Plaintiff's California Constitution Claim Fails (Count V). .................... 20

D. Plaintiff's Common Law Claims Fail (Counts VI–VIII). .......................... 21

1. Plaintiff's Negligence Claim Fails (Count VI). ...................................... 21

2. Plaintiff's Intrusion Upon Seclusion Claim Fails (Count VII). .............. 23

3. Plaintiff's Breach of Confidence Claim Fails (Count VIII). .................. 24

CONCLUSION .......................................................................................... 25

CERTIFICATE OF SERVICE ..................................................................... 26

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re A-Line Staffing Sols. Data Sec. Incident Litig.*,
2026 WL 1480273 (E.D. Mich. May 27, 2026), *appeal docketed*,
No. 26-1522 (6th Cir. June 12, 2026) ........ 13, 25

*Allison v. United Wholesale Mortg.*,
2025 WL 3702863 (N.D. Cal. Dec. 21, 2025) ........ 16

*Amazon.com Servs., LLC v. Perplexity AI, Inc.*,
--- F.4th ---, 2026 WL 2237587 (9th Cir. Aug. 4, 2026) ........ 18

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ........ 5

*Att'y Gen. v. Collector of Lynn*,
385 N.E.2d 505 (Mass. 1979) ........ 9

*B.K. v. Eisenhower Med. Ctr.*,
2024 WL 2037404 (C.D. Cal. Apr. 11, 2024) ........ 15

*B.K. v. Eisenhower Med. Ctr.*,
721 F. Supp. 3d 1056, 1064 (C.D. Cal. 2024), *on reconsideration in part*, 2024 WL 2037404 (C.D. Cal. Apr. 11, 2024) ........ 25

*Bailey v. City of Ann Arbor*,
860 F.3d 382 (6th Cir. 2017) ........ 8

*Birdsong v. Apple, Inc.*,
590 F.3d 955 (9th Cir. 2009) ........ 19

*Budros v. Womens' Flat Track Roller Derby Ass'n*,
2017 WL 4446644 (Mich. Ct. App. Oct. 5, 2017) ........ 13, 22

*Citibank, N.A. v. Recycling Carroll Gardens, Inc.*,
496 N.Y.S.2d 756 (N.Y. App. Div. 1986) ........ 9

*Cottle v. Plaid Inc.*,
536 F. Supp. 3d 461 (N.D. Cal. 2021) ........ 19

*Cousin v. Sharp Healthcare*,
702 F. Supp. 3d 967 (S.D. Cal. 2023)....................................................................21

*Crane v. Am. Bar Ass'n*,
663 F. Supp. 3d 747 (E.D. Mich. 2023) ..............................................................5, 6

*Doe v. Eating Recovery Ctr. LLC*,
806 F. Supp. 3d 1109 (N.D. Cal. 2025)..................................................................17

*In re Equifax, Inc., Customer Data Sec. Breach Litig.*,
371 F. Supp. 3d 1150 (N.D. Ga. 2019)...................................................................22

*In re FCA US LLC Monostable Elec. Gearshift Litig.*,
280 F. Supp. 3d 975 (E.D. Mich. 2017) .................................................................12

*Fedoroff v. Rocket Mortg., LLC*,
2026 WL 1707021 (N.D. Cal. June 12, 2026).........................................................12

*Fisher v. Perron*,
30 F.4th 289 (6th Cir. 2022) ..........................................................................13, 14, 15

*Ford Motor Co. v. Ghreiwati Auto*,
945 F. Supp. 2d 851 (E.D. Mich. 2013) .................................................................26

*Granger v. Klein*,
197 F. Supp. 2d 851 (E.D. Mich. 2002) ...................................................................8

*Gray v. Nachurs Alpine Sols., Inc.*,
2023 WL 3004433 (N.D. Ohio Apr. 19, 2023) .........................................................7

*In re Grede Holdings LLC Data Breach Litig.*,
2026 WL 396292 (E.D. Mich. Feb. 12, 2026)..........................................................22

*Grifo & Co., PLLC v. Cloud X Partners Holdings, LLC*,
485 F. Supp. 3d 885 (E.D. Mich. 2020) ...................................................................5

*Hamlin v. Froberg*,
2025 WL 1000664 (W.D. Mich. Apr. 3, 2025).........................................................15

*Hamm v. Mercedes-Benz USA, LLC*,
2022 WL 913192 (N.D. Cal. Mar. 29, 2022) ...........................................................20

*Hammerling v. Google LLC*,
615 F. Supp. 3d 1069 (N.D. Cal. 2022)....................24

*Hazel v. Prudential Fin., Inc.*,
2023 WL 3933073 (N.D. Cal. June 9, 2023)....................19

*Heiting v. Taro Pharms. USA, Inc.*,
709 F. Supp. 3d 1007 (C.D. Cal. 2023)....................18

*Hill v. Nat'l Collegiate Athletic Ass'n*,
865 P.2d 633 (Cal. 1994)....................20, 21

*Hoodz Int'l, LLC v. Toschiaddi*,
2012 WL 12929896 (E.D. Mich. Oct. 10, 2012)....................15

*Isgur v. Meta Platforms, Inc.*,
2026 WL 194640 (N.D. Cal. Jan. 26, 2026)....................19

*Jones v. Tonal Sys., Inc.*,
751 F. Supp. 3d 1025 (S.D. Cal. 2024)....................20

*Lakes v. Ubisoft, Inc.*,
777 F. Supp. 3d 1047 (N.D. Cal. 2025), *appeal docketed*, No. 25-2857 (9th Cir. May 2, 2025)....................16, 20, 23

*Lansing Ass'n of Sch. Adm'rs v. Lansing Sch. Dist. Bd. of Educ.*,
549 N.W.2d 15 (Mich. Ct. App. 1996), *aff'd in part sub nom. Bradley v. Saranac Cmty. Schs. Bd. of Educ.*, 565 N.W.2d 650 (Mich. 1997)....................24

*Larroque v. First Advantage LNS Screening Sols., Inc.*,
2016 WL 4577257 (N.D. Cal. Sept. 2, 2016)....................7

*Lewis v. Magnite, Inc.*,
2025 WL 3687546 (C.D. Cal. Dec. 4, 2025)....................16

*Lochridge v. Quality Temp. Servs., Inc.*,
2023 WL 4303577 (E.D. Mich. June 30, 2023)....................11

*Low v. LinkedIn Corp.*,
900 F. Supp. 2d 1010 (N.D. Cal. 2012)....................21

*Martinez v. Mentavi, Inc.*,
2025 WL 3780427 (W.D. Mich. Oct. 9, 2025) ....................................................14

*Merck v. Walmart, Inc.*,
114 F.4th 762 (6th Cir. 2024) ..........................................................................7

*Moody v. Mich. Gaming Control Bd.*,
871 F.3d 420 (6th Cir. 2017) ..........................................................................12

*Moore v. Rodriguez*,
2021 WL 2222590 (S.D. Cal. June 2, 2021) .....................................................21

*Moses v. Bus. Card Express, Inc.*,
929 F.2d 1131 (6th Cir. 1991) ...................................................................12, 15

*Muniz v. Bronson Health Care Grp., Inc.*,
2026 WL 1649197 (W.D. Mich. Jan. 20, 2026) ..................................................10

*N.Z. v. Fenix Int'l Ltd.*,
2025 WL 3627591 (C.D. Cal. Dec. 12, 2025) .....................................................18

*Nolan v. Detroit Edison Co.*,
991 F.3d 697 (6th Cir. 2021) ............................................................................5

*Opperman v. Path, Inc.*,
87 F. Supp. 3d 1018 (N.D. Cal. 2014) .......................................................13, 18

*Patel v. Zillow, Inc.*,
915 F.3d 446 (7th Cir. 2019) ............................................................................9

*Peterson v. Cellco P'ship*,
80 Cal. Rptr. 316 (Cal. Ct. App. 2008) ...........................................................20

*Polkowski v. Jack Doheny Cos.*,
2025 WL 3079358 (E.D. Mich. Nov. 4, 2025), *appeal dismissed*,
2026 WL 1459816 (6th Cir. Mar. 9, 2026) ........................................13, 22, 23

*Popa v. Microsoft Corp.*,
153 F.4th 784 (9th Cir. 2025) ....................................................................6, 10

*Pratt v. Higgins*,
2023 WL 4564551 (N.D. Cal. July 17, 2023) ....................................................18

*Rakyta v. Munson Healthcare*,
2021 WL 4808339 (Mich. Ct. App. Oct. 14, 2021) ....................23, 24, 26

*Rodriguez v. Accident Fund Holdings, Inc.*,
2026 WL 2365062 (C.D. Cal. Aug. 13, 2026) ....................7, 10, 21, 24

*Rodriguez v. CRG Lynwood LLC*,
2025 WL 2700614 (E.D. Mich. Sept. 22, 2025) ....................23

*Rodriguez v. Ford Motor Co.*,
722 F. Supp. 3d 1104 (S.D. Cal. 2024)....................17

*Ross, Brovins & Oehmke, P.C. v. Lexis/Nexis*,
348 F. Supp. 2d 845 (E.D. Mich. 2004), *aff'd*, 463 F.3d 478 (6th Cir. 2006) ....................25

*Saunders v. Consumers Energy Co.*,
615 F. Supp. 3d 707 (W.D. Mich. 2022) ....................12

*Shah v. Cap. One Fin. Corp.*,
768 F. Supp. 3d 1033 (N.D. Cal. 2025)....................21

*Shepherd v. Cancer & Hematology Ctrs. of W. Mich., P.C.*,
2023 WL 4056342 (W.D. Mich. Feb. 28, 2023) ....................11

*Sisti v. Bosley Inc.*,
831 F. Supp. 3d 979 (C.D. Cal. 2026), *appeal docketed*, No. 26-3458 (9th Cir. May 28, 2026) ....................12, 13, 16

*Smith v. Facebook, Inc.*,
745 F. App'x 8 (9th Cir. 2018)....................13, 20

*Smith v. YETI Coolers, LLC*,
754 F. Supp. 3d 933 (N.D. Cal. 2024)....................17

*Spokeo, Inc. v. Robins*,
578 U.S. 330 (2016)....................6

*Straight v. EdFinancial Services, LLC*,
2026 WL 2087412 (N.D. Cal. July 20, 2026) ....................9, 10

*Swarts v. Home Depot, Inc.*,
689 F. Supp. 3d 732 (N.D. Cal. 2023)....................16, 17

*Tash v. Vision Serv. Plan*,
2026 WL 1012680 (E.D. Cal. Apr. 14, 2026) ....................................................17

*Tobin v. Mich. Civ. Serv. Comm'n*,
331 N.W.2d 184 (Mich. 1982)..........................................................................24

*Torres v. Seatgeek, Inc.*,
2026 WL 1495202 (N.D. Cal. May 28, 2026)....................................................19

*TransUnion LLC v. Ramirez*,
594 U.S. 413 (2021)......................................................................................6, 7

**Statutes**

18 U.S.C. § 2511(1) ..........................................................................................14

18 U.S.C. § 2511(2)(d)..................................................................................14, 15

Cal. Bus. & Prof. Code §§ 17200 *et seq.* .............................................................19

Cal. Fin. Code § 4056(b)(9) .................................................................................22

Cal. Penal Code § 502(c) ......................................................................................17

Cal. Penal Code § 502(e)(1)...................................................................................18

Cal. Penal Code § 631(a) ......................................................................................16

**Other Authorities**

12 C.F.R. § 1003.4 .................................................................................................9

12 C.F.R. § 1016.13 ...............................................................................................22

Fed. R. Evid. 201(b)...............................................................................................12

## ISSUES PRESENTED

(1) Does Plaintiff have Article III standing to bring claims based on allegations that a website unlawfully shared his data when:

a. he consented to the challenged data sharing practices at issue;

b. he does not allege a disclosure of his information that would be recognized as a privacy tort; and

c. he does not allege any concrete or particularized harm traceable to the company's data sharing?

(2) Can Plaintiff assert any of his eight claims premised on allegations that a website's alleged data disclosures were "unauthorized" when he consented to the data practices at issue?

(3) Can Plaintiff bring California statutory and constitutional claims when he agreed to a choice-of-law provision that requires the application of Michigan law to claims arising from any use of the website?

(4) Does Plaintiff state a claim when he fails to allege key elements of each claim?

# CONTROLLING OR MOST APPROPRIATE AUTHORITIES

1. *Crane v. Am. Bar Ass'n*, 663 F. Supp. 3d 747 (E.D. Mich. 2023).
2. *TransUnion LLC v. Ramirez*, 594 U.S. 413 (2021).
3. *Merck v. Walmart, Inc.*, 114 F.4th 762 (6th Cir. 2024).
4. *Straight v. EdFinancial Servs., LLC*, 2026 WL 2087412 (N.D. Cal. July 20, 2026).
5. *Fedoroff v. Rocket Mortg., LLC*, 2026 WL 1707021 (N.D. Cal. June 12, 2026) (ECF 2).
6. *Fisher v. Perron*, 30 F.4th 289 (6th Cir. 2022).
7. *Smith v. Facebook, Inc.*, 745 F. App'x 8 (9th Cir. 2018).
8. *Sisti v. Bosley Inc.*, 831 F. Supp. 3d 979 (C.D. Cal. 2026), *appeal docketed*, No. 26-3458 (9th Cir. May 28, 2026).
9. *Hoodz Int'l, LLC v. Toschiaddi*, 2012 WL 12929896 (E.D. Mich. Oct. 10, 2012).
10. *N.Z. v. Fenix Int'l Ltd.*, 2025 WL 3627591 (C.D. Cal. Dec. 12, 2025).
11. *Pratt v. Higgins*, 2023 WL 4564551 (N.D. Cal. July 17, 2023).
12. *Birdsong v. Apple, Inc.*, 590 F.3d 955 (9th Cir. 2009).
13. *Rodriguez v. Ford Motor Co*., 722 F. Supp. 3d 1104 (S.D. Cal. 2024).
14. *Hill v. Nat'l Collegiate Athletic Ass'n*, 865 P.2d 633 (Cal. 1994).
15. *Martinez v. Mentavi, Inc*., 2025 WL 3780427 (W.D. Mich. Oct. 9, 2025).
16. *Polkowski v. Jack Doheny Cos.*, 2025 WL 3079358 (E.D. Mich. Nov. 4, 2025), *appeal dismissed*, 2026 WL 1459816 (6th Cir. Mar. 9, 2026).
17. *Hammerling v. Google LLC*, 615 F. Supp. 3d 1069 (N.D. Cal. 2022).
18. *B.K. v. Eisenhower Med. Ctr.*, 721 F. Supp. 3d 1056 (C.D. Cal. 2024), *on reconsideration in part*, 2024 WL 2037404 (C.D. Cal. Apr. 11, 2024).
19. *Rodriguez v. Accident Fund Holdings, Inc.*, 2026 WL 2365062 (C.D. Cal. Aug. 13, 2026).

## INTRODUCTION

Plaintiff's lawsuit challenges Rocket Mortgage's use of routine tools that exist on the majority of websites to help companies analyze and enhance their digital platforms. Plaintiff's core dispute is that Rocket Mortgage invaded his privacy when it allegedly captured information that he voluntarily submitted to Rocket Mortgage's website as part of a mortgage refinance application, and allegedly disclosed this information to third parties through the use of website pixels and cookies. Based on this conduct, Plaintiff filed a putative class action lawsuit alleging eight different claims, including two claims for violating California's criminal code. Plaintiff's Complaint fails, however, because his agreement to Rocket Mortgage's data sharing practices means he has no cognizable Article III injury, and the Complaint otherwise fails to state a claim. Numerous courts throughout the country and in California facing the recent flood of these lawsuits challenging the ubiquitous use of website pixels and cookies have dismissed claims precisely like those Plaintiff brings here. This Court should do the same.

Plaintiff lacks Article III standing to bring any claim here because he does not allege a concrete injury, and his consent to the alleged data practices forecloses that he possibly suffered any injury. As the Northern District of California held in transferring this case to this Court, before Plaintiff submitted his application for a refinance mortgage, he agreed to Rocket Mortgage's terms, which included its

Privacy Policy. As shown below, that policy disclosed that Rocket Mortgage may use tracking technologies to collect and share his personal and financial information with third parties, including for analytics and advertising. Plaintiff's consent is dispositive—he suffered no injury and this case cannot proceed.

Plaintiff also lacks standing because he does not plausibly allege that Rocket Mortgage shared any of his sensitive information with a third party. Although Plaintiff alleges that the tool shared his sensitive "form input fields" with a third party, the Complaint undermines the plausibility of that allegation. The alleged form fields do not contain private information or are contradicted by Plaintiff's allegations regarding which fields were collected by the third party. Regardless, even if any of the data was disclosed, Plaintiff's sole claimed injury—"loss of confidentiality"—is the type of abstract harm that does not confer standing as a matter of law.

Even if Plaintiff could meet his burden to show Article III standing, he fails to state a claim to allow this lawsuit to proceed. His consent to the Privacy Policy precludes all of his claims, each of which is premised on an "unauthorized" disclosure. His agreement to a Michigan choice-of-law provision bars his four California claims. And Plaintiff fails to allege key elements for each of his claims, including any injury sufficient to allow the claims to proceed.

The Complaint should be dismissed in its entirety with prejudice.

## FACTUAL BACKGROUND

### A. Plaintiff Alleges Website Use, But Not a Disclosure of Sensitive Data.

In November 2025, Plaintiff submitted a refinancing application on the Rocket Mortgage website, www.RocketMortgage.com (the "Website"). ECF 1, PageID.16, ¶ 62. Plaintiff alleges that he was required to provide his "full legal name, email address, phone number, and residential address," as well as "estimated current home value, requested refinance loan amount, current monthly mortgage payment, monthly homeowners insurance premium, monthly property tax payment, and the specific purpose of [his] refinance application." *Id.*, PageID.16–17, ¶¶ 62, 64–65.

Plaintiff alleges that a third-party tracker from the company Segment "attached 'event listeners'" to unidentified "form input fields" that transmitted "Plaintiff's data to Segment[]."[1] *Id.*, PageID.8, 17, ¶¶ 35, 68. But the Complaint's screenshots of the fields allegedly shared with Segment show no sharing of most of the fields he allegedly entered (*e.g.*, requested loan amount, current mortgage payment, insurance premium, tax payment, home equity position, and contact information). *Id.*, PageID.15, ¶ 56. And while Segment "offers" optional features for

---

[1] Plaintiff does not allege there were any trackers on the chat feature through which he submitted his refinancing application. And while the Complaint contains allegations about other trackers—from Facebook/Meta, Google, Optimizely, DoubleClick, Conversion API, and "other third parties," ECF 1, PageID.2–3, 10–11, 23–27, 30–31, ¶¶ 6–7, 45–46, 48–50, 103, 105, 114, 123–29, 161—Plaintiff does not allege that they collected any of his data. *Id.*, PageID.16–18, ¶¶ 62–80.

advertising (in addition to "first-party data collect[ion]"), Plaintiff does not allege that Rocket Mortgage used those products. *Id.*, PageID.9–10, ¶¶ 37–44. Consistent with the lack of any allegation that Rocket Mortgage used those products, Plaintiff does not allege having received any ads or having his data misused. ECF 1. He only alleges that the trackers resulted in a "loss of confidentiality." *Id.*, PageID.18, ¶ 75.

**B. Plaintiff Agreed to Rocket Mortgage's Privacy Policy and Terms, Which Disclose the Alleged Data Practices.**

Before starting his refinance application, Plaintiff provided his contact information to Rocket Mortgage and "clicked submit or continue," *id.*, PageID.17, ¶ 68, and in doing so, accepted and agreed to Rocket Mortgage's Privacy Policy and Terms. Courtney Decl. ¶ 6, Ex. 1. The Terms that Plaintiff accepted confirm that, by accessing the Website, Plaintiff accepted the Privacy Policy, and require the application of Michigan law. Courtney Decl., Ex. 2. The Privacy Policy expressly discloses the data collection and sharing practices that form the basis of Plaintiff's Complaint, including that Rocket Mortgage and third parties "use tracking technologies, such as cookies and web beacons, to collect information about your interactions with the Services"—including cookies to "personalize advertisements" and "conduct analytics." Courtney Decl., Ex. 3. The Privacy Policy specifically discloses that Rocket Mortgage may collect and share a user's: "[n]ame," "[e]mail address," "[p]ostal address," "[p]hone number," "[s]ocial security number," "[l]ocation and approximate value of your property," "[d]emographic information,"

"[r]elated loan products or services," "[f]inancial information, such as income, assets and net worth," "[h]ome ownership status and employment status," "[i]nsurance information," and "[a]ny other information you provide," as well as "information on a consumer's interaction with a website [or] application." *Id.* Rocket Mortgage also discloses that this information may be shared "with vendors [and] service providers … [for] data analytics . . . [and] marketing and advertising," and "with third parties for their own services and marketing purposes, analytics." *Id.*

## **LEGAL STANDARD**

A court must dismiss a complaint under Rule 12(b)(1) if the plaintiff fails to establish Article III standing. *Crane v. Am. Bar Ass'n*, 663 F. Supp. 3d 747, 750 (E.D. Mich. 2023). A court must dismiss a complaint under Rule 12(b)(6) if it lacks "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). The court need not accept legal conclusions or conclusory assertions as true. *Id*. at 678–79. Further, the court may consider "documents incorporated into the complaint by reference ... and matters of which a court may take judicial notice." *Grifo & Co., PLLC v. Cloud X Partners Holdings, LLC*, 485 F. Supp. 3d 885, 890 (E.D. Mich. 2020) (citations omitted). When such materials "contradict[] allegations in the complaint, rendering them implausible, 'the exhibit trumps the allegations.'" *Nolan v. Detroit Edison Co.*, 991 F.3d 697, 707 (6th Cir. 2021) (citation omitted).

## ARGUMENT

## I. The Complaint Should Be Dismissed for Lack of Article III Injury.

"To establish Article III standing, a plaintiff must allege facts demonstrating that (1) they have suffered an injury in fact, (2) the injury was caused by the defendant's challenged conduct, and (3) the injury is likely to be redressed by a favorable judicial decision." *Crane*, 663 F. Supp. 3d at 750 (citing *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016)). "To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Spokeo*, 578 U.S. at 339 (citation omitted). An injury is "particularized" if it "affect[s] the plaintiff in a personal and individual way" and "concrete" if it "'actually exist[s].'" *Id.* at 339–40 (citations omitted). Even for statutory claims, "a plaintiff [must] ha[ve] suffered a concrete harm." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 426 (2021); *Crane*, 663 F. Supp. 3d at 751 (same). And for intangible harms, courts must assess whether the alleged injury has a "'close relationship to a harm that has traditionally been regarded as providing a basis for a lawsuit,'" *Crane*, 663 F. Supp. 3d at 751 (quoting *Spokeo*, 578 U.S. at 340–41)—here, intrusion upon seclusion and public disclosure of private facts. *TransUnion*, 594 U.S. at 424; *Popa v. Microsoft Corp.*, 153 F.4th 784, 786, 791 (9th Cir. 2025). For multiple reasons, Plaintiff has not alleged an injury in fact.

As a preliminary issue, Plaintiff has no injury because he challenges analytics tools that have been "the dominant model for commercial websites since the late 1990s." *Rodriguez v. Accident Fund Holdings, Inc.*, 2026 WL 2365062, at *2 (C.D. Cal. Aug. 13, 2026). Indeed, "[n]ear universally, websites will deploy 'cookies' and 'tracking pixels' for advertising revenue and web traffic analysis." *Id.* at *1. But "[r]outine internet tracking today—with nothing more—cannot create a reasonable privacy expectation enforceable by [] privacy torts." *Id.* at *7 ("[T]he internet is not a place where users have a reasonable expectation of privacy." (citations omitted)). For this reason, Plaintiff suffered no cognizable injury. *TransUnion*, 594 U.S. at 424.

Plaintiff's alleged injury is also not a concrete injury because he consented to use of the trackers. *Supra* pp. 4–5; *see, e.g.*, *Merck v. Walmart, Inc.*, 114 F.4th 762, 784 (6th Cir. 2024) (no standing; plaintiff's consent negated intrusion upon seclusion); *Gray v. Nachurs Alpine Sols., Inc.*, 2023 WL 3004433, at *6 (N.D. Ohio Apr. 19, 2023) (same; plaintiff's "consent nullifies any claim of concrete injury resulting from the invasion of privacy"); *Larroque v. First Advantage LNS Screening Sols., Inc.*, 2016 WL 4577257, at *5 (N.D. Cal. Sept. 2, 2016) (same; no concrete harm where plaintiff "consent[ed] to" disclosure). As shown above, *supra* pp. 4–5; before submitting his refinance application, Plaintiff agreed to Rocket Mortgage's Privacy Policy and the data sharing with the third parties that he now complains of. This forecloses that he suffered a concrete injury.

Even if he had not consented to the sharing, Plaintiff's allegations still show that he lacks standing. That is because he does not allege that the information he allegedly entered on the Website, ECF 1, PageID.16–17, ¶ 65, was actually disclosed to a third party, nor allege that the information is highly sensitive of the nature to invade a legally protected right against its sharing. While Plaintiff alleges having entered the requested loan amount, current mortgage payment, insurance premium, tax payment, home equity position, and contact information, *id.*, PageID.16–18, ¶¶ 64–65, 76, the screenshots embedded in his Complaint of the alleged trackers and the fields allegedly captured by the third party Segment reveal that no such information was collected. *Id.*, PageID.15, ¶ 56. Because his own pleading contradicts his allegations, the Court may disregard them as implausible. *See Bailey v. City of Ann Arbor*, 860 F.3d 382, 387 (6th Cir. 2017) ("If [] pleadings internally contradict verifiable facts … that makes his allegations implausible.").

The other fields that he supposedly entered (estimated home value and purpose of the application) are not the type of information that is actionable as a privacy tort because their disclosure would not be highly offensive to a reasonable person.[2] An estimated home value is a matter of public record readily found online,

[2] Intrusion upon seclusion requires obtaining "private subject matter" "through some method objectionable to the reasonable person." *Granger v. Klein*, 197 F. Supp. 2d 851, 864 (E.D. Mich. 2002). Public disclosure of embarrassing private facts requires a disclosure of information that is highly offensive to a reasonable person. *Id.* at 868.

and the purpose of the application is not private when seeking a refinancing.[3]

*Straight v. EdFinancial Services, LLC*, 2026 WL 2087412, at *3 (N.D. Cal. July 20, 2026), is on all fours with why Plaintiff has no injury here. Plaintiff alleged:

- "[W]ebsite users provide … 'nonpublic personal information,' as defined by the [GLBA] and [CalFIPA], 'such as their PII and information about their financial activity with Edfinancial (e.g. account status, payment[s], [] hardship applications),'" and (ii) "confidential communications," including "typing into data fields";
- The tracker disclosed "PII … as well as information related to the financial services they are receiving," such as "when users make a payment on their loans[ ], how users allocate payments[ ], and the reasons users request a deferment, forbearance, or other repayment options[ ]"; and
- Google "matches the IP addresses, device information, User-IDs, and partial phone numbers and email addresses it intercepts and links such information to an individual's specific identity" to "assist with [] marketing efforts."

*Id.* at *1. The court, however, held that "allegations about information Defendant generally discloses to Google [are] unavailing" because plaintiff did not adequately allege the "[d]efendant shared any specific information she provided with Google, let alone show that … [it] constitutes an injury traditionally recognized." *Id.* at *3–4. And allegations that the information was "protected financial information under

---

[3] *E.g.*, *Patel v. Zillow, Inc.*, 915 F.3d 446, 447 (7th Cir. 2019) (Zillow generates home value estimates by using "public data, such as a building's location [and] tax assessment"); *Att'y Gen. v. Collector of Lynn*, 385 N.E.2d 505, 509 (Mass. 1979) ("name of the taxpayer, a description of the property, and the valuation of the property [are] publicly available through [] assessors' books"); *Citibank, N.A. v. Recycling Carroll Gardens, Inc.*, 496 N.Y.S.2d 756, 757 (N.Y. App. Div. 1986) (customers had no "expectation of privacy with respect to the loan applications"); 12 C.F.R. § 1003.4 (requiring public reporting of whether a loan "application is for … refinancing" or other purpose).

both the GLBA and CalFIPA" were "unpersuasive," since legislative harms alone do not "satisf[y] the injury-in-fact requirement." *Id.* at *3 (quoting *Popa*, 153 F.4th at 789). The same is true here—Plaintiff does not plausibly allege that any of his specific data was shared with a third party, much less that the data was "embarrassing, invasive, or otherwise private information" such that disclosure "constitutes an injury traditionally recognized." *Id.* at *3 (citation omitted).

Finally, Plaintiff's sole claimed injury—"loss of confidentiality," ECF 1, PageID.18, ¶ 75—is not concrete; rather, it is precisely the type of abstract harm that is insufficient to confer standing. *Rodriguez*, 2026 WL 2365062, at *8 (likelihood of harm "is nil" where "plaintiff alleges an intangible 'injury to her dignity' and 'the loss of her anonymity,'" but "does not allege anything concrete—financial loss, identity theft, or any other harm" (citation omitted)). And while the Complaint conclusorily alleges that "Plaintiff and Class Members have suffered numerous injuries," including "invasion of privacy," "loss of benefit of the bargain," "diminution of value of the Private Information," and "ongoing risk to their Private Information," ECF 1, PageID.3, ¶ 8, Plaintiff alleges no facts in support (*e.g.*, any diminished value of his data, risk to his information, etc.). ECF 1. Regardless, these too are not concrete injuries as a matter of law. *E.g.*, *Muniz v. Bronson Health Care Grp., Inc.*, 2026 WL 1649197, at *4 (W.D. Mich. Jan. 20, 2026) ("bare allegation that the Private Information … only *might* be sold or [] fraudulently used is too

speculative to satisfy Article III"); *Lochridge v. Quality Temp. Servs., Inc.*, 2023 WL 4303577, at *4 n.2 (E.D. Mich. June 30, 2023) (Behm, J.) (same for alleged diminution in value of private information, absent specific plans to sell the information); *Shepherd v. Cancer & Hematology Ctrs. of W. Mich., P.C.*, 2023 WL 4056342, at *5 (W.D. Mich. Feb. 28, 2023) ("risk of future harm, diminished value of personal information, loss of privacy, and not receiving the full value of bargained-for services fail to establish an injury in fact").

The Complaint should be dismissed in its entirety.

## II. <u>The Complaint Should Be Dismissed Under Rule 12(b)(6).</u>

Each of Plaintiff's eight claims should also be dismissed under Rule 12(b)(6).[4]

### A. <u>Plaintiff's Consent to the Challenged Practices Bars All of His Claims.</u>

All of Plaintiff's claims are premised on the allegation that Rocket Mortgage disclosed his information without his consent. *E.g.*, ECF 1, PageID.15–16, ¶ 58. But Plaintiff agreed to any use of the trackers through the Privacy Policy, which the transferor court found was a binding contract that Plaintiff and Rocket Mortgage entered before Plaintiff began his application. As the transferor court held, Plaintiff assented to the disclaimer with the "hyperlinked … Privacy Policy and Terms."

[4] Vague references to trackers from Meta, Google, Optimizely, DoubleClick, Conversion API, and "other third parties" should be dismissed because Plaintiff does not allege that any tracker besides Segment potentially shared his information. *E.g.*, ECF 1, PageID.2–3, 10–11, 23–31, ¶¶ 6–7, 45–50, 103, 105, 114, 123–29, 161.

*Fedoroff v. Rocket Mortg., LLC*, 2026 WL 1707021, at *2, *8 (N.D. Cal. June 12, 2026) (ECF 2, PageID.38–51). That court's finding of Plaintiff's agreement to the Privacy Policy and Terms is now the law of the case.[5] *Moses v. Bus. Card Express, Inc.*, 929 F.2d 1131, 1137 (6th Cir. 1991) ("[W]hen a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case"); *see Moody v. Mich. Gaming Control Bd.*, 871 F.3d 420, 425 (6th Cir. 2017) (law of the case applies "to issues that were actually decided, whether explicitly or by necessary implication"). As shown above, the Privacy Policy discloses that Rocket Mortgage collects and shares information through "tracking technologies," including the information Plaintiff allegedly entered. *Supra* pp. 3–5.

Because Plaintiff consented to the alleged disclosures, all eight of his claims

---

[5] Rocket Mortgage's Privacy Policy, Terms, and refinancing application webpage, Courtney Decl., Exs. 2–3, are judicially noticeable as publicly available documents on the Website. Fed. R. Evid. 201(b); *see Saunders v. Consumers Energy Co.*, 615 F. Supp. 3d 707, 713 n.3 (W.D. Mich. 2022) (taking judicial notice of public webpage). They are also incorporated by reference into the Complaint, which refers to the Website, "representations on [the] Website," refinancing application, and supposed lack of "terms, agreements, or disclosures." *E.g.*, ECF 1, PageID.2, 7, 15–18, ¶¶ 1–3, 29, 58, 62, 64, 67, 69, 73. And they are integral to Plaintiff's central allegations that Rocket Mortgage shared information without "consent of any kind" and violated Plaintiff's "reasonable expectation of privacy"—which necessarily rely on the Privacy Policy, Terms, and application. ECF 1, *supra* pp. 7, 9; *see In re FCA US LLC Monostable Elec. Gearshift Litig.*, 280 F. Supp. 3d 975, 991 (E.D. Mich. 2017) (a court may consider "documents referenced in the pleadings" and "that are not mentioned specifically but which govern the plaintiff's rights"); *see also, e.g.*, *Sisti v. Bosley Inc.*, 831 F. Supp. 3d 979, 989 (C.D. Cal. 2026), *appeal docketed*, No. 26-3458 (9th Cir. May 28, 2026) (judicially noticing and incorporating the Privacy Policy and Terms and Conditions).

fail as a matter of law. *Fisher v. Perron*, 30 F.4th 289, 300 (6th Cir. 2022) (affirming dismissal of ECPA claim based on consent); *Polkowski v. Jack Doheny Cos.*, 2025 WL 3079358, at *11 (E.D. Mich. Nov. 4, 2025), *appeal dismissed*, 2026 WL 1459816 (6th Cir. Mar. 9, 2026) (dismissing intrusion upon seclusion claim; plaintiffs willingly provided their data to defendant); *Budros v. Womens' Flat Track Roller Derby Ass'n*, 2017 WL 4446644, at *2 (Mich. Ct. App. Oct. 5, 2017) (same for negligence claim); *Sisti*, 831 F. Supp. 3d at 989–93 (dismissing ECPA, CIPA, negligence, invasion of privacy, and other privacy claims based on consent); *Smith v. Facebook, Inc.*, 745 F. App'x 8, 9 (9th Cir. 2018) (affirming dismissal of ECPA, CIPA, and California Constitution privacy claims based on consent); *Opperman v. Path, Inc.*, 87 F. Supp. 3d 1018, 1054 (N.D. Cal. 2014) (dismissing CDAFA claim based on consent); *In re A-Line Staffing Sols. Data Sec. Incident Litig.*, 2026 WL 1480273, at *14 (E.D. Mich. May 27, 2026), *appeal docketed*, No. 26-1522 (6th Cir. June 12, 2026) (breach of confidence claim involves "unconsented … disclosure").

**B. <u>Plaintiff's ECPA Claim Fails (Count I).</u>**

ECPA, 18 U.S.C. § 2511(1), is a one-party consent statute. 18 U.S.C. § 2511(2)(d). Even had Plaintiff not consented, because Rocket Mortgage was a party to the communications it cannot be liable as a matter of law. *See Fisher*, 30 F.4th at 300 (affirming dismissal of ECPA claim under party exception); *Martinez v. Mentavi, Inc.*, 2025 WL 3780427, at *5 (W.D. Mich. Oct. 9, 2025) (same).

Plaintiff does not adequately allege that the crime-tort exception to the one-party consent rule applies. The focus of the exception is "not upon whether the interception itself violated another law; it is upon whether the purpose for the interception—its intended use—was criminal or tortious." *Martinez*, 2025 WL 3780427, at *3 (citation omitted). It does not apply where "a crime or tort was merely a result of the interception"; the defendant "must specifically intend to bring about the tortious or criminal result." *Id*. First, Plaintiff alleges that Rocket Mortgage's purpose was to pursue commercial interests—not to commit a crime or tort. *E.g.*, ECF 1, PageID.23, ¶ 106 ("Rocket Mortgage intentionally used the … communications to increase its profit margins"). This is fatal. *Martinez*, 2025 WL 3780427, at *5 (dismissing ECPA claim; "the allegations show that Defendant's primary motivation" in using analytics tools "was commercial … in nature"). Second, the list of purported underlying violations, ECF 1, PageID.24, ¶ 113, simply repackages the interception as the predicate offense. The Sixth Circuit has squarely held that "the act of interception itself cannot satisfy the 'tortious purpose' aspect of § 2511(2)(d)." *Hamlin v. Froberg*, 2025 WL 1000664, at *1 (W.D. Mich. Apr. 3, 2025) (citation omitted); *Fisher*, 30 F.4th at 299–300 (dismissing ECPA claim based on eavesdropping statute, absent an intent to commit the predicate offense); *see B.K. v. Eisenhower Med. Ctr.*, 2024 WL 2037404, at *4 (C.D. Cal. Apr. 11, 2024) (alleged HIPAA violations do not satisfy the crime-tort exception).

### C. Plaintiff's California Claims Fail (Counts II–V).

#### 1. The Choice-of-Law Provision Bars All California Claims.

The Terms that Plaintiff accepted contain a choice-of-law provision, which requires the application of Michigan law to "any disputes arising from your use of the Website." Courtney Decl., Ex. 2. Because Michigan law applies, the California statutory and constitutional claims are barred. *See Hoodz Int'l, LLC v. Toschiaddi*, 2012 WL 12929896, at *6 (E.D. Mich. Oct. 10, 2012) (dismissing California statutory claims and common law claims because of a binding Michigan choice-of-law provision); *see also Moses*, 929 F.2d at 1140 (affirming summary judgment dismissing Alabama statutory claims under Michigan choice-of-law provision). Regardless, Plaintiff does not allege a viable claim under California law.

#### 2. Plaintiff's CIPA Claim Fails (Count II).

Rocket Mortgage cannot be held liable for aiding and abetting where Plaintiff does not allege a direct violation of CIPA—that a third party "read[], or attempt[ed] to read, or to learn" his communications while "in transit." Cal. Penal Code § 631(a). Plaintiff's conclusory allegations of "contemporaneous[]" sharing, ECF 1, PageID.8, ¶ 33, do not suffice. *See Sisti*, 831 F. Supp. 3d at 991 (rejecting conclusory allegations of "in transit"); *Swarts*, 689 F. Supp. 3d at 746 (same); *see also* ECF 1, PageID.8, ¶ 31 (that "[t]he information travels" to Rocket Mortgage's server "*and then* on to the party's server" (emphasis added)). Likewise, Plaintiff does not allege

that a third party read his "communications while [they] were in transit." *Lewis v. Magnite, Inc.*, 2025 WL 3687546, at *12 (C.D. Cal. Dec. 4, 2025); *see supra* pp. 3–4. Simply put, Plaintiff provides no "support for the illogical notion that [Rocket Mortgage] could have disclosed Plaintiff's information to third parties *while* that information was still in transit," or that a third party "could have intercepted 'and read' the contents of his communications while they were still in transit to [Rocket Mortgage]." *Sisti*, 831 F. Supp. 3d at 991 (citation omitted) (dismissing CIPA claim). Plaintiff's CIPA, Cal. Penal Code § 631(a), claim fails because of his consent, *supra* pp. 4–5; Cal. Penal Code § 631(a) (prohibiting acts "without [] consent"); *Lakes v. Ubisoft, Inc.*, 777 F. Supp. 3d 1047, 1054 (N.D. Cal. 2025), *appeal docketed*, No. 25-2857 (9th Cir. May 2, 2025) (dismissing CIPA claims); *Allison v. United Wholesale Mortg.*, 2025 WL 3702863, at *5–6 (N.D. Cal. Dec. 21, 2025) (same).

His CIPA claim also fails because Plaintiff does not show that Rocket Mortgage "aided" a wiretap.[6] ECF 1, PageID.25–27, ¶¶ 119–33. "[A]iding" requires a "breach of duty" or knowledge that "the other's conduct constitutes a breach of

---

[6] Plaintiff only alleges a violation of CIPA's fourth clause, aiding a wiretap. ECF 1. He cannot invoke any other clause: the first does not apply to the internet, the second does not apply to parties to a communication, and the third requires a violation of those two. *Swarts v. Home Depot, Inc.*, 689 F. Supp. 3d 732, 746 (N.D. Cal. 2023).

However, he incorrectly alleges that "VSP" aided third parties, ECF 1, PageID.26, ¶ 123—presumably in reference to counsel's complaint in *Tash v. Vision Serv. Plan*, 2026 WL 1012680 (E.D. Cal. Apr. 14, 2026), which was dismissed under Rules 12(b)(1) and 12(b)(6); *see also* ECF 1, PageID.23, ¶ 105 (alleging VSP violated ECPA); *id.*, PageID.3, 20, ¶¶ 7, 85(e) (alleging "patient Private Information").

duty." *Rodriguez v. Ford Motor Co*., 722 F. Supp. 3d 1104, 1123 (S.D. Cal. 2024). Rocket Mortgage did not breach any duty because it shared data consistent with its Privacy Policy. *See Smith v. YETI Coolers, LLC*, 754 F. Supp. 3d 933, 942–43 (N.D. Cal. 2024) ("aiding" "does not cover [] a defendant who properly and lawfully provides information or access to a third party"). Nor did Rocket Mortgage have knowledge of a breach because it is not alleged to have purchased products that would allow Segment to use any data. *Id.* (dismissing CIPA claim absent knowledge of third party's breach); *Rodriguez*, 722 F. Supp. 3d at 1124 (same); *supra* pp. 3–4.

**3. Plaintiff's CDAFA Claim Fails (Count III).**

Plaintiff fails to plead a claim under CDAFA. First, Plaintiff does not allege that Rocket Mortgage accessed his computers "without permission."[7] Cal. Penal Code § 502(c). CDAFA—a criminal "anti-hacking statute"—"prohibit[s] the unauthorized use of any computer system for improper or illegitimate purpose." *N.Z. v. Fenix Int'l Ltd.*, 2025 WL 3627591, at *14 (C.D. Cal. Dec. 12, 2025) (citation omitted). A defendant's access must be "without permission by overcoming technical or code-based barriers." *Id.* Here, any access was with permission: Plaintiff consented to the alleged trackers. *Supra* pp. 4–5; *Opperman*, 87 F. Supp. 3d at 1054

[7] "When courts are called upon to interpret ambiguous criminal statutes in California, the rule of lenity applies—even when the statute is being invoked in a civil action." *Doe v. Eating Recovery Ctr. LLC*, 806 F. Supp. 3d 1109, 1112 (N.D. Cal. 2025). This Court should apply the rule of lenity to the Penal Code claims here (Counts II & III).

(dismissing CDAFA claim based on consent). And Plaintiff does not allege that Rocket Mortgage overcame technical barriers or accessed his computer at all; rather, he alleges that Rocket Mortgage installed tracking technologies on its own website. ECF 1, PageID.7, ¶ 30; *see Amazon.com Servs., LLC v. Perplexity AI, Inc.*, --- F.4th ---, 2026 WL 2237587, at *7 (9th Cir. Aug. 4, 2026) (finding Perplexity does not "access" Amazon); *Heiting v. Taro Pharms. USA, Inc.*, 709 F. Supp. 3d 1007, 1020 (C.D. Cal. 2023) (dismissing CDAFA claim; plaintiff "alleges that she engaged in a chat [] on Defendant's website," not that it "accessed her computer").

Second, Plaintiff does not allege any "damage or loss." Cal. Penal Code § 502(e)(1). "[L]oss" includes "costs related to fixing a computer, lost revenue, or other consequential damages incurred due to an interruption of computer services." *Pratt v. Higgins*, 2023 WL 4564551, at *9 (N.D. Cal. July 17, 2023). Instead, Plaintiff conclusorily alleges that he "suffered damages" and Rocket Mortgage "benefit[ted]," ECF 1, PageID.29, ¶¶ 146–47—which lack any factual or legal basis.[8] ECF 1; *Torres v. Seatgeek, Inc.*, 2026 WL 1495202, at *7 (N.D. Cal. May 28, 2026) (defendant "benefiting from the [] data does not mean that he suffered a loss").

---

[8] Plaintiff's other allegations of illusory injuries (*e.g.*, lost confidentiality, invasion of privacy, lost benefit of the bargain, diminished value of information, and future risk of harm), ECF 1, PageID.3, 18, ¶¶ 8, 75, fare no better. *E.g.*, *Cottle v. Plaid Inc.*, 536 F. Supp. 3d 461, 488 (N.D. Cal. 2021) (rejecting that "the loss of the right to control their own data, the loss of the value of their data, and the loss of the right to protection of the data, [are] 'damage or loss' within the meaning of the CDAFA").

**4. Plaintiff's UCL Claim Fails (Count IV).**

Plaintiff's California UCL, Cal. Bus. & Prof. Code §§ 17200 *et seq.*, claim fails for similar reasons. To have UCL statutory standing, Plaintiff must establish that he "(1) suffered an injury in fact and (2) lost money or property as a result of the unfair competition." *Birdsong v. Apple, Inc.*, 590 F.3d 955, 959 (9th Cir. 2009). Again, he alleges no injury or lost money or property. ECF 1, PageID.29, 31, ¶¶ 152, 162. For this reason, courts routinely dismiss UCL claims based on the use of website tracking technologies. *See Hazel v. Prudential Fin., Inc.*, 2023 WL 3933073, at *6 (N.D. Cal. June 9, 2023) (dismissing UCL claim; "just because Plaintiffs' data is valuable in the abstract, and [defendant] might have made money from it, does not mean that Plaintiffs have 'lost money or property'"); *Isgur v. Meta Platforms, Inc.*, 2026 WL 194640, at *9 (N.D. Cal. Jan. 26, 2026) (same; plaintiff must allege an intent "to participate in the market for their data" or "derive economic value" (cleaned up)); *Peterson v. Cellco P'ship*, 80 Cal. Rptr. 316, 320–22 (Cal. Ct. App. 2008) (same; no "lost money" just because money is not in plaintiff's possession).

The UCL claim should also be dismissed because Plaintiff does not plead the lack of an adequate remedy at law. ECF 1, PageID.29–31, ¶¶ 151–64. Nor can he, as his other claims seek one. *Hamm v. Mercedes-Benz USA, LLC*, 2022 WL 913192, at *2 (N.D. Cal. Mar. 29, 2022) (dismissing UCL claim; "the availability of an adequate legal remedy is clear from the face of the [complaint]").

**5. Plaintiff's California Constitution Claim Fails (Count V).**

For invasion of privacy under the California Constitution, a plaintiff must demonstrate: "(1) a legally protected privacy interest; (2) a reasonable expectation of privacy in the circumstances; and (3) conduct by defendant constituting a serious invasion of privacy." *Hill v. Nat'l Collegiate Athletic Ass'n*, 865 P.2d 633, 654–55, 657 (Cal. 1994). The California Constitution sets a "high bar" for these claims; as such, courts routinely dismiss them in website tracking cases. *See, e.g.*, *Jones v. Tonal Sys., Inc.*, 751 F. Supp. 3d 1025, 1042 (S.D. Cal. 2024) (citation omitted).

Again, Plaintiff's consent, *supra* pp. 4–5, is fatal. *Smith*, 745 F. App'x at 9 (affirming dismissal of California constitutional privacy claim based on consent through the privacy policy); *Lakes*, 777 F. Supp. 3d at 1058 (same).

Regardless, Plaintiff fails to plausibly allege that Rocket Mortgage's conduct was an "egregious breach of the social norms underlying the privacy right." *Hill*, 865 P.2d at 655. Courts have consistently dismissed claims where the alleged conduct amounts to commercial data collection, even where it involves personal or financial information. *Shah v. Cap. One Fin. Corp.*, 768 F. Supp. 3d 1033, 1047 (N.D. Cal. 2025) (disclosure of "employment information, bank account information, and [] eligibility for preapproval or approval for a credit card" was not an "egregious breach of social norms"). Even the disclosure of Social Security numbers is not egregious. *Low v. LinkedIn Corp.*, 900 F. Supp. 2d 1010, 1025 (N.D.

Cal. 2012) (collecting cases). Had any of the data Plaintiff entered been shared with a third party, the sharing would be "commercial behavior" and does not state a claim.

Finally, Plaintiff's constitutional claim should be dismissed because he seeks only monetary damages. ECF 1, PageID.32, ¶¶ 171–75. Article I, Section 1 of the California Constitution does not confer a private right of action for monetary damages. *Cousin v. Sharp Healthcare*, 702 F. Supp. 3d 967, 974 (S.D. Cal. 2023); *see also Rodriguez*, 2026 WL 2365062, at *8 (same because Plaintiff only alleged intangible harms and not "anything concrete—financial loss, identity theft," etc.).

### D. <u>Plaintiff's Common Law Claims Fail (Counts VI–VIII).</u>

#### 1. Plaintiff's Negligence Claim Fails (Count VI).

To state a negligence claim, a plaintiff must establish that "(1) the defendant owed the plaintiff a legal duty, (2) the defendant breached the legal duty, (3) the plaintiff suffered damages, and (4) the defendant's breach was a proximate cause of the plaintiff's damages." *Polkowski*, 2025 WL 3079358, at *9 (citation omitted). Again, Plaintiff's consent is dispositive. *Supra* pp. 4–5; *see Budros*, 2017 WL 4446644, at *2 ("A valid waiver … defeats an ordinary negligence claim.").

First, Plaintiff does not allege any legal duty not to share his website interactions through routine analytics tools. Although Plaintiff tries to manufacture a duty by referencing the GLBA and CalFIPA, Plaintiff only cites a general duty to keep information confidential, which is a "policy statement" that does not "give rise

to a legal duty" and cannot "form the basis of a negligence claim." *In re Equifax, Inc., Customer Data Sec. Breach Litig.*, 371 F. Supp. 3d 1150, 1173 (N.D. Ga. 2019) (dismissing negligence claim based on GLBA; "Congress did not see fit to impose such a duty" (citation omitted)). But even if a duty existed, Plaintiff does not allege any breach since he does not plausibly allege a disclosure of his non-public financial information, or that Segment used his data for its own purposes. *Supra* pp. 3–4; 12 C.F.R. § 1016.13 (service provider exemption); Cal. Fin. Code § 4056(b)(9) (same).

Plaintiff also does not allege a cognizable injury. Plaintiff's claims of lost privacy, confidentiality, and value of information (which he does not factually allege), ECF 1, PageID.33, ¶ 182, cannot sustain a negligence claim. *E.g.*, *In re Grede Holdings LLC Data Breach Litig*., 2026 WL 396292, at *3 (E.D. Mich. Feb. 12, 2026) (dismissing negligence claim; loss of privacy and diminished value of information are not cognizable injuries); *Polkowski*, 2025 WL 3079358, at *2 n.1, 9 (same; "diminution in the value of his PII," "loss of privacy," and "loss of benefit of bargain" failed to allege cognizable injury). And Plaintiff's allegations of emotional distress, ECF 1, PageID.33, ¶ 182, likewise fail because Plaintiff does not allege emotional distress much less a physical injury. *Rakyta v. Munson Healthcare*, 2021 WL 4808339, at *5 (Mich. Ct. App. Oct. 14, 2021) ("emotional distress [must] involve[] present physical manifestations."); *Rodriguez v. CRG Lynwood LLC*, 2025 WL 2700614, at *8 (E.D. Mich. Sept. 22, 2025) (dismissing negligence claim).

**2. Plaintiff's Intrusion Upon Seclusion Claim Fails (Count VII).**

For intrusion upon seclusion, a plaintiff must allege: "(1) the existence of a secret and private subject matter; (2) a right possessed by the plaintiff to keep that subject matter private; and (3) the obtaining of information about that subject matter through some method objectionable to a reasonable man." *Polkowski*, 2025 WL 3079358, at *11 (citation omitted). Plaintiff's consent vitiates any right to keep the matters private. *Id.*; *Lakes*, 777 F. Supp. 3d at 1058 (dismissing intrusion upon seclusion claim because plaintiff consented to the alleged tracking).

Plaintiff also does not allege the improper "obtaining" of any private information; rather he voluntarily provided his information and did not opt out. *Supra* pp. 3–5; *see Rodriguez*, 2026 WL 2365062, at *8 (dismissing claim; the information can be collected under the CCPA). But even if he did, he does not plead the collection was through a method "objectionable to the reasonable man." *Tobin v. Mich. Civ. Serv. Comm'n*, 331 N.W.2d 184, 189–92 (Mich. 1982) (affirming dismissal; plaintiff "suggested absolutely nothing objectionable about the method by which the information was obtained"). For example, Plaintiff does not allege the collection of data that is "blatantly deceitful" or sufficiently "harmful." *Hammerling v. Google LLC*, 615 F. Supp. 3d 1069, 1090–91 (N.D. Cal. 2022) (dismissing claim; collection of "sensitive" medical, religious, and political data was not highly offensive). Plaintiff does not allege any harmful collection, or even any harm. While

he conclusorily pleads "mental pain and anguish," ECF 1, PageID.34, ¶ 187, he does not allege that he suffered any, which cannot support a claim regardless. *Rakyta*, 2021 WL 4808339, at *3–5, *7 (affirming dismissal; emotional distress insufficient absent physical manifestations of distress). What Plaintiff actually complains of is the alleged disclosure of his information, not the method of "obtaining" the information, which is insufficient. *Lansing Ass'n of Sch. Adm'rs v. Lansing Sch. Dist. Bd. of Educ.*, 549 N.W.2d 15, 21 (Mich. Ct. App. 1996) (dismissing claim based on "disclosure, not the method of disclosure"), *aff'd in part sub nom. Bradley v. Saranac Cmty. Schs. Bd. of Educ.*, 565 N.W.2d 650 (Mich. 1997).

**3. Plaintiff's Breach of Confidence Claim Fails (Count VIII).**

To the extent Michigan recognizes a stand-alone claim for breach of confidence,[9] it involves "the unconsented, unprivileged disclosure to a third party of nonpublic information that the defendant has learned within a confidential relationship." *A-Line Staffing*, 2026 WL 1480273, at *14 (citation and emphasis omitted). Plaintiff does not adequately allege any of these elements.

First, Plaintiff's consent dooms his claim. *Id.* Second, he does not plausibly allege the disclosure of his nonpublic information. *Supra* pp. 3–4; *see B.K. v. Eisenhower Med. Ctr.*, 721 F. Supp. 3d 1056, 1064, 1069 (C.D. Cal. 2024), *on*

[9] Rocket Mortgage has not located a stand-alone breach of confidence claim that survived the pleadings, or a Michigan court of appeals order recognizing the claim.

*reconsideration in part*, 2024 WL 2037404 (C.D. Cal. Apr. 11, 2024). Third, Plaintiff does not allege a confidential relationship, which typically arises in the context of employer-employee, attorney-client, physician-patient, and corporate relationships. *E.g.*, *Ross, Brovins & Oehmke, P.C. v. Lexis/Nexis*, 348 F. Supp. 2d 845, 865 (E.D. Mich. 2004) (trade secrets claim), *aff'd*, 463 F.3d 478 (6th Cir. 2006). Plaintiff's barebones allegation of a confidential relationship, ECF 1, PageID.34, ¶ 189, does not overcome this barrier. *Cf. Ford Motor Co. v. Ghreiwati Auto*, 945 F. Supp. 2d 851, 869 (E.D. Mich. 2013) (conclusory allegations of "trust and confidence" and "access to [] confidential information" were insufficient for confidence-based claims). Finally, Plaintiff does not allege that he suffered any resulting damages. ECF 1, PageID.34–35, ¶¶ 188–91; *see Rakyta*, 2021 WL 4808339, at *1–7 (affirming dismissal of claims alleging disclosure of confidential information absent cognizable damages).

## CONCLUSION

Rocket Mortgage requests the Court dismiss the Complaint with prejudice.

Dated: August 28, 2026

Respectfully submitted,

*/s/ W. Kyle Tayman*

W. Kyle Tayman
KTayman@goodwinlaw.com
**GOODWIN PROCTER LLP**

*Counsel for Defendant Rocket Mortgage, LLC*

**LOCAL RULE CERTIFICATIONS**

I, W. Kyle Tayman, certify that the foregoing complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts).

*/s/ W. Kyle Tayman*
W. Kyle Tayman

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 28, 2026, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*/s/ W. Kyle Tayman*
W. Kyle Tayman